SHERICKA WILSON,          )
                      )
        Plaintiff,        )
                      )
v.                     )     No.:   3:25-CV-430-TAV-DCP
                      )
ANTHONY PITTS, *et al.*,    )
                      )
        Defendants.     )

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on the Knoxville Police Department's ("KPD") and the City of Knoxville's ("the City") motion to dismiss [Doc. 15]. Plaintiff has not responded, and the time for doing so has long expired. *See* E.D. Tenn. L. R. 7.1(a). For the reasons explained below, the Court will **GRANT** the motion to dismiss [Doc. 15], and all claims against KPD and the City will be **DISMISSED**.

## I.    Background

Plaintiff, proceeding pro se, filed the instant action against defendants (1) Anthony Pitts, a Tennessee State Trooper, in his individual and official capacities; (2) Kevin Aguilar, a KPD officer, in his individual and official capacities; (3) the Tennessee Highway Patrol; and (4) the KPD [Doc. 1, pp. 2–3]. Plaintiff indicates that her claims are brought under 42 U.S.C. § 1983 for violation of her Fourth and Fourteenth Amendment rights [*Id.* at 3].

Plaintiff states that on September 4, 2024, she was pulled over by Trooper Pitts [*Id.* at 4]. During the stop, Trooper Pitts requested to search her vehicle [*Id.*]. Plaintiff initially consented to the search, but then "clearly withdrew consent" before the search was

conducted [*Id.*]. Plaintiff asked if she was free to go, but Trooper Pitts responded "no," and contained to detain plaintiff "without legal justification" [*Id.*]. Despite plaintiff's withdrawal of consent to the search, Trooper Pitts summoned a K-9 unit [*Id.*]. Officer Aguilar of the KPD arrived with the K-9 and conducted a dog sniff and search of plaintiff's vehicle [*Id.*]. Subsequently, Trooper Pitts conducted a physical search of the vehicle [*Id.*]. No illegal items or contraband were found [*Id.*]. Plaintiff states that neither Trooper Pitts nor Officer Aguilar had a warrant or probable cause to justify continuing the detention or conducting searches after plaintiff withdrew her consent [*Id.*]. As a result, she contends that she was unlawfully detained and subjected to an unreasonable search in violation of the Fourth and Fourteenth Amendments [*Id.*].

Plaintiff alleges that, as a result, she experienced emotional distress and loss of employment and wages, as she was denied a job opportunity as a result of the incident [*Id. at 5*]. Plaintiff seeks compensatory damages in the amount of $150,000.00, and punitive damages in the amount of $100,000.00 [*Id.*]. She also seeks declaratory relief confirming that the alleged actions violated her constitutional rights [*Id.*].

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2) which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Although this standard does not require 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 555 (2007)).  Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).  However, the Court need not accept legal conclusions or unwarranted factual inferences as true. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Given plaintiff's *pro se* status, the Court notes that federal courts have a duty to "liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001).  At the same time, however, "the lenient treatment generally

3

accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As such, courts have not typically "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. Analysis

As an initial matter, the Court notes that KPD and the City filed their motion to dismiss on October 17, 2025 [Doc. 15]. Since that time, plaintiff has not responded to the motion, nor taken any other action in this case. A "[c]ourt may interpret the absence of a response to a motion to dismiss as a waiver of opposition." *Miles v. Transunion, LLC*, No. 1:22-cv-281, 2022 WL 2342656, at *1 (N.D. Ohio June 29, 2022) (granting a motion to dismiss as unopposed). In other words, "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to that motion." *Scott v. State of Tenn.*, 878 F.2d 382 (table), 1989 WL 72470, at *2 (6th Cir. 1989); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). The Court finds that plaintiff's failure to respond to the motion to dismiss, despite nearly six months having elapsed since its filing, constitutes a waiver of any opposition to dismissal of any claims against KPD and the City. For this reason alone, KPD and the City's motion to dismiss [Doc. 15] is **GRANTED**. However, for the sake of completeness, and particularly in light of plaintiff's pro se status, the Court will briefly address the merits of the motion.

4

### A. KPD is Not an Entity Subject to Suit

KPD first argues that it is not an entity subject to suit under § 1983 [Doc. 16, p. 2]. Specifically, KPD asserts that it is an administrative unit of the City, and therefore, is not an entity subject to suit under § 1983 [*Id.* at 2–3].

The Court agrees that KPD is not an entity subject to suit under § 1983. "[P]olice departments are not entities subject to suit under § 1983." *Wade v. Michigan*, No. 2:24-cv-11402, 2024 WL 4149716, at *3 (E.D. Mich. Sept. 11, 2024); *see also Campbell v. Anderson Cnty.*, 695 F. Supp. 2d 764, 770 (E.D. Tenn. Feb. 8, 2010) ("The Anderson County Sheriff's Office is not a suable entity and is a Department within Anderson County"); *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-cv-496, 2010 WL 3341889, at *2 ("federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.").

Accordingly, the Court finds that KPD is not an entity subject to suit under § 1983. Rather, the municipality itself, that is, the City of Knoxville, would be the appropriate defendant. *See Dickey v. Knoxville Police Dep't*, 2018 WL 3762988, at *2 (E.D. Tenn. Aug. 8, 2018) ("KPD correctly argues that it is not a legal entity subject to suit under § 1983. KPD is not a municipality, but is a municipal agency or department of the City of Knoxville rather than a separate legal entity"). For this reason, KPD's motion to dismiss [Doc. 15] is **GRANTED**, and plaintiff's § 1983 claim against KPD is **DISMISSED**.

## B. *Monell* Liability

Notably, plaintiff does not name the City as a defendant in this action. Nonetheless, KPD and the City argue that, even if plaintiff had properly named the City, rather than KPD, as a defendant, plaintiff has failed to identify an unconstitutional policy or custom of the City or KPD that caused her claimed damages, as required for municipal liability [Doc. 16, pp. 3, 5]. Moreover, to the extent that plaintiff claims that the City is liable because of the actions of one of its employees, under § 1983, municipalities are not liable for the alleged civil rights violations of employees under the doctrine of respondeat superior [*Id.* at 5].

In general, a plaintiff may not obtain relief from a municipality under § 1983 "on a *respondeat superior* theory—in other words, 'solely because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388–89 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, "a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was 'the "moving force" behind the injury alleged.'" *Id.* (citation omitted). That is, a municipality may be liable only if the plaintiff identifies an "illegal policy or custom" that caused a violation of the plaintiff's constitutional rights. *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (*citing Monell*, 436 U.S. at 694).

In her complaint [Doc. 1], plaintiff makes no reference to any custom or policy of the City or the KPD. Rather, she merely sets forth the alleged facts of the stop and search of her vehicle, without any further allegations regarding policies or customs. Such is insufficient to state a claim under § 1983 as to the City. *See Burgess*, 735 F.3d at 478 (*citing Monell*, 436 U.S. at 694). And, to the extent that plaintiff would seek to base a claim against

6

the City on the actions of its employees, the City cannot be held liable under § 1983 based on a theory of respondeat superior. *See D'Ambrosio*, 747 F.3d at 388–89. Accordingly, the Court concludes that, even to the extent that plaintiff could be deemed to have raised a § 1983 claim against the City, she has failed to state a claim for relief. KPD and the City's motion to dismiss [Doc. 15] is therefore **GRANTED**, and any § 1983 claim against the City is **DISMISSED**.

### C.     State Law Claims Barred by TGTLA

Finally, KPD and the City argue that any state law claims are barred by the Tennessee Governmental Tort Liability Act ("TGTLA") [Doc. 16, p. 6]. KPD and the City note that plaintiff did not specifically cite the TGTLA in her complaint, but certain allegations appear to be tort claims covered by that act [*Id.*]. They assert that, while, generally, a municipality can be liable for negligent acts of its employees under the TGTLA, certain torts are excluded from the removal of immunity, including any that arise out of civil rights violations [*Id.* (citing Tenn. Code Ann. § 29-20-205(2))].

Notably, plaintiff's complaint does not indicate that she seeks to raise any claim under the TGTLA. Nonetheless, the Court notes that, under the TGTLA, a municipality is generally subject to suit for civil claims sounding in negligence with certain exceptions. *Campbell*, 695 F. Supp. 2d at 777. One such exception is found in Tennessee Code Annotated § 29-20-205(2), which states that Tennessee waives immunity from suit for injuries proximately caused by a negligent act or omission of an employee within the scope of his employment, except if the injury arises out of a civil rights violation. *Id.* (citing Tenn. Code Ann. § 29-20-205(2)). As a result, a municipality in Tennessee retains

7

immunity from suit under the TGTLA for negligent acts or omissions of its employees if the injury arises out of the torts specified in § 29-20-205(2), which includes civil rights violations. *Id.*; *see also* Tenn. Code Ann. § 29-20-205(2). Because plaintiff's claims clearly stem from alleged civil rights violations, to the extent that plaintiff seeks to bring a claim against KPD or the City under the TGTLA, such claim is barred by sovereign immunity. KPD and the City's motion [Doc. 15] is therefore **GRANTED** on this ground, and any TGTLA claim against them in the complaint is **DISMISSED**.

## IV.     CONCLUSION

For the reasons above, the motion to dismiss [Doc. 15] is **GRANTED.** All claims against KPD or the City are **DISMISSED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

8